Rex, J.
The plaintiff in error claims the reversal of the judgment of the District Court upon the grounds :
“1. That there was no dedication by Sehroeder and Wilson, and no intention to make one, except upon conditions which were not fulfilled during their ownership of the land from which the street was to be taken.
“ 2. That the plaintiff' in error is not estopped by the proceeding in the Probate Court; and
“ 8. But, admitting there was a highway, there has been no valid assessment made in the case.”
To the first and second grounds urged, it is a sufficient answer to say, that the facts found by the District Court show, conclusively, such notice to the plaintiff' in error of the claims of the village to the ground appropriated by •Sehroeder for a public highway, and such knowledge, on his part, of the proceeding of its council to grade and improve the same, and of the work being done thereon by the defendants in error, without interference or objection by him, or notice to them of his claim, that he can not now defeat a recovery, by them; of the amount assessed against Ms lots abutting on the street so improved, by setting up •claims which were known to him, or which might have *179 been acquired by him, by proper inquiry before the work was commenced.
The contract under which the improvement was made contains a stipulation by which the defendants agreed to rely solely upon the assessment for compensation for the work to be performed under it, and to release the village from all claims on that account, and hence, to permit the plaintiff in error to defeat a recovery on the grounds urged, would, under the facts found, be to aid him in the commission of a fraud upon the defendants in error.
The remaining ground urged is, “ that there has been no valid assessment made in this case.”
Section 26 of the act to provide for the organization of cities and incorporated villages, passed May 3, 1852, as amended May 1, 1858 (S. & C. 1501), provides that for the purpose of defraying the costs and expenses of grading and improving streets, etc., the same shall be assessed in proportion to the feet front of the lots abutting on the street, or to the value of the lots as assessed for taxation under the general laws of the state, as the corporation may determine; and section 30 of the- same act (8. & C. 1505) provides that a municipal corporation may, either by a general or special ordinance, prescribe the mode in which the charge on the respective owners of lots or land, or on the lots or land, shall be assessed and determined for the purposes specified in the act.
From the facts found by the District Court, it appears that before the passage of the ordinance to grade and improve the avenue named, a general ordinance, applicable to all cases in which the council should adopt an ordinance to grade and improve a street, etc., was in force in the village, prescribing that the charge in such cases shall be assessed in proportion to the feet front of the lots abutting on the street so graded, improved, etc., and that the assessment in this case was made in the mode prescribed by this general ordinance.
We are therefore of opinion that the District Court did *180 not err in either of its conclusions of law, or in rendering' judgment in favor of the plaintiffs below.

Judgment affirmed.

McIlvajne, C. J., Welch, White, and Gilmore, JJ., concurred.